*1112 OPINION.
Smith:
In its brief petitioner states that the sole question in dispute in this proceeding is whether the petitioner is entitled to a deduction for 1921 of $18,375 or any part thereof representing the market value of its capital stock issued and delivered to certain of its employees during that year. The contention of the petitioner is that the fair market value of the shares of stock surrendered to its employees in 1921 was paid as additional compensation to its employees and "is therefore a deduction from gross income under article 33 of the Commissioner’s Regulations 62, which provides in part:
* * * Compensation paid an employee of a corporation in its stock is to be treated as if the corporation sold the stock for its market value and paid the employee in cash.
This regulation deals with the taxable income of the employee and is not relevant to the point in issue.
*1113 An inspection of the contract introduced in evidence shows that the petitioner agreed with the employee to sell to him a certain number of shares of its capital stock at a par value of $100 per share; and that the shares of stock should be held by the petitioner until such time as the dividends paid thereon should equal the sale price plus accrued interest upon deferred payments at the rate of 5 per centum per annum. Such credits to the employees were made on the purchase price of the shares of stock in 1921. The shares of stock were surrendered to the employees in 1921, in pursuance of the several contracts entered into. Under the contracts the employee was not to lose his right to the dividends which had accrued upon the shares of stock standing in his name; if during the period of the contract the employee died while in the employ of the petitioner, his direct heirs had the privilege within three months after his death of paying the amount still due under his contract and of receiving the shares which the contract covered provided the employee should not have sold his interest in those shares or allowed the same, by law or otherwise, to get beyond his control.
The contract does not provide that any shares of stock or any dividends thereon shall be paid to the employee as additional compensation for services rendered. It provides on its face for the sale of a certain number of shares to the employee at par. Whether the stock had a fair market value in excess of par at the date the several contracts were executed is not shown by the record. From the record we can not find that any portion of the amount disallowed as a deduction by the respondent in 1921 represented compensation for services performed by employees. The disallowance of the deduction is therefore sustained.
Reviewed by the Board.

Judgment will be entered for the respondent,

Trammell dissents.
Arundel concurs in the result only.